## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

**CRAIG RHODES**                                                                            **PLAINTIFF**

**V.**                                                                                        **NO. 1:19CV204-JMV**

**ANDREW SAUL**
*Commissioner of Social Security*                                                     **DEFENDANT**

## FINAL JUDGMENT

This cause is before the Court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for a period of disability and disability insurance. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the Court's ruling from the bench during a hearing held September 1, 2020, the Court is unable to find the Commissioner's decision is supported by substantial evidence in the record. Specifically, the Appeals Council erred in its determination that a September 27, 2018, medical source statement from the claimant's eye specialist, Dr. Wooten, did "not relate to the period at issue" and did "not affect the decision about whether the claimant was disabled beginning on or before July 23, 2018." During the administrative hearing, the claimant testified he occasionally experienced blurred vision, and the vocational expert opined there would be virtually no jobs for a person who had occasional blurred vision

or near acuity limitations.[1] Because Dr. Wooten indicated the claimant had blurred vision and opined he would "rarely" be able to perform work activities involving near acuity and could not work with small objects, and these conclusions were penned only two months after the ALJ's decision, the evidence is relevant to the period under consideration, and contradicts the ALJ's conclusion that the claimant's retinopathy was not a severe impairment.

On remand, the ALJ must consider Dr. Wooten's source statement along with the other evidence of record at the time of the ALJ's July 2018 decision and issue a new decision. If the ALJ rejects any portion of Dr. Wooten's source statement, he must state good reasons supported by substantial evidence in the record and further develop the record with respect to the claimant's diabetic retinopathy (if necessary). The ALJ may conduct any additional proceedings deemed necessary but which are not inconsistent with this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 2nd day of September, 2020.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE

---

[1] A court "may reasonably infer that a medical report relates to the proper time period when there is no indication that plaintiff's condition deteriorated during the intervening period" and "when any decline in a claimant's condition appears to have occurred over a long period of time, and not simply within the few intervening months between the evaluations and the ALJ's decision." *See Johnson v. Berryhill*, 2017 WL 2964882, at *7 (N.D. Tex. June 26, 2017), *R&R adopted*, 2017 WL 2954914 (N.D. Tex. July 11, 2017) (citations and internal quotation marks omitted).